IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JONATHAN SCOTT,** | : |
| **Plaintiff,** | : Case No. 2:22-cv-03037 |
| v. | : Judge Graham |
| **UNITED STATES DEPARTMENT OF HOMELAND SECURITY.** | : Magistrate Judge Vascura |
| **Defendant.** | : |

**OPINION & ORDER**

### I.     INTRODUCTION

Plaintiff Jonathan Scott filed a fee-paid, pro se complaint alleging that the Defendant United States Department of Homeland Security violated his civil rights by placing tracking devices on his vehicle, shoes and cellphone and by having unauthorized access to his home to search his personal property. This matter is before the Court on the Department of Homeland Security's motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. For the reasons set forth below, Homeland Security's motion to dismiss is **GRANTED**.

### II.     BACKGROUND

Mr. Scott alleges a violation of his rights under the Fourth Amendment to the United States Constitution. He asserts that Homeland Security performed a warrantless, unauthorized search by placing tracking devices on his personal vehicle, shoes, and cellphone. (ECF No. 23). Mr. Scott contends that through the tracking device, Homeland Security listened in on his cellphone conversations. (*Id.*). Mr. Scott believes that Homeland Security has "interfered with business associated and employment opportunities." (*Id.*). Mr. Scott further claims Homeland Security harassed him by "having homeland security contractors follow" him "24 hours a day 7 days a

1

week." (*Id.*). Finally, he alleges that he has a right to obtain unidentified spending records of Homeland Security. (*Id.*). Mr. Scott seeks relief in the amount of $20,000,000. (*Id.*).

Mr. Scott filed his complaint against Homeland Security on August 30, 2022. (ECF No. 4). In response, Homeland Security filed a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and a memorandum in support on May 10, 2023. (ECF No. 24). Homeland Security seeks dismissal of the complaint for failure to effect service of process under Rule 12(b)(5) and for lack of subject matter jurisdiction under Rule 12(b)(1). (*Id.*).

Pursuant to Local Civil Rule 7.2(a)(2), a memorandum in opposition must be filed within 21 days of the service of the motion. S.D. Ohio Civ. R.7.2(a)(2). Though Mr. Scott has not responded to the motion, Local Rule 7.2(a)(2) states that the failure to oppose a motion that would directly result in entry of final judgment will not automatically result in the Court granting the motion. S.D. Ohio Civ. R.7.2(a)(2). Homeland Security's motion to dismiss would directly result in entry of final judgment; therefore, this Court must evaluate Homeland Security's motion to dismiss on the merits.

### III. DISCUSSION

#### A. Service of Process

Homeland Security argues in its motion to dismiss that Mr. Scott's complaint must be dismissed for insufficient service of process. This Court agrees.

Rule 4(i) of the Federal Rules of Civil Procedure provides the requirements for serving the United States, its agencies, its officers, and employees. To serve a federal agency, like Homeland Security, a copy of the summons and complaint must be sent to the agency, and the United States must also be properly served. Fed. R. Civ. P. 4(i)(2). To serve the United States, a copy of the summons and complaint must be delivered to the Attorney General of the United States and to

the United States Attorney for the district where the action is brought. Fed. R. Civ. P. 4(i)(1). All three entities, the Attorney General of the United States, the United States Attorney for the district where the action is brought, and the federal agency itself, must be served to effectuate proper service on a federal agency. *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010).

On February 27, 2023, Magistrate Judge Vascura issued an Order determining that Mr. Scott properly served the Attorney General of the United States and Homeland Security, but not the United States Attorney for the Southern District of Ohio. (ECF No. 22). Magistrate Judge Vascura ordered Mr. Scott to effectuate proper service upon the United States Attorney for the Southern District of Ohio by April 24, 2023. (*Id.*).

Mr. Scott attempted to serve the United States Attorney for the Southern District of Ohio on April 20, 2023. (ECF No. 23 at 1-2). This attempt was insufficient because the Clerk of Court did not sign the Summons. Moreover, Mr. Scott checked the box indicating he personally served the summons, and he signed as the process server. (*Id.*). Under Rule 4, "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). Mr. Scott's attempt to effectuate service upon the United States Attorney for the Southern District of Ohio was insufficient because Mr. Scott, as a party to the case, cannot personally serve the United States Attorney for the Southern District of Ohio. *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010); *Davis v. United States*, No. 6:22-136-DLB, 2022 WL 3367256, at *2 (E.D.K.Y. Aug. 15, 2022); *Stubli v. Dep't of Veterans Affairs*, No. 3:05 CV 7349, 2005 WL 2233430, n. 1 (N.D. Ohio Sept. 12, 2005).

Because Mr. Scott has not properly served the United States Attorney for the Southern District of Ohio, he has failed to effect service on Homeland Security. This Court grants

Defendant's motion and dismisses Mr. Scott's Complaint under Rule 12(b)(5) for insufficient service of process.

### B. Subject Matter Jurisdiction

#### 1. Totally Implausible Allegations

Homeland Security also argues in its motion to dismiss that this Court does not have subject matter jurisdiction because Mr. Scott's allegations are "frivolous and delusional, sounding in paranoia." (ECF No. at 2). This Court does not agree.

The Sixth Circuit has held that dismissal of a complaint for lack of subject matter jurisdiction is proper "when the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Homeland Security argues that Mr. Scott's allegations are extremely broad, conclusory, fails to identify individuals other than himself, and fails to state the factual grounds upon which he brings his claim. (ECF No. 24 at 3-4). Additionally, Homeland Security argues that Mr. Scott made frivolous allegations sounding in delusion and not supported by facts. (*Id.* at 4).

Mr. Scott does not expressly identify a cause of action in his complaint; however, this Court liberally construes his complaint to find a plausible cause of action. In particular, the complaint contains factual allegations implicating Mr. Scott's Fourth Amendment rights. He alleges that Homeland Security, without authorization, placed tracking devices on his personal belongings and thereby performed illegal searches of his property. (ECF No. 23 at 3). These allegations, while somewhat lacking in detail, are not totally implausible because Congress granted substantial law enforcement powers to Homeland Security. Its powers include the authority to conduct searches and seizures of persons and property. 40 U.S.C. § 1315(b)(2).

Mr. Scott specifically alleges that Homeland Security exercised its powers in an "unauthorized" manner, which the Court construes as meaning that the searches were done without a warrant. Under the Fourth Amendment, a citizen generally has the right to be free from warrantless searches. *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971); *Robertson v. Lucas*, 753 F.3d 606, 618 (6th Cir. 2014). The Court thus finds that the complaint's allegations are not totally implausible.

### 2. Sovereign Immunity

Homeland Security next argues that the Court lacks subject matter jurisdiction because the doctrine of sovereign immunity shields the United States from suit. "Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). The United States "may not be sued without its consent" and "the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*. 463 U.S. 206, 212 (1983). The United States is shielded from suit unless consent to be sued is unequivocally expressed in statutory text. *United States v. Bormes*, 568 U.S. 6, 9 (2012). Homeland Security correctly argues that Mr. Scott bears the burden of identifying a waiver of sovereign immunity and that he has failed to do so. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000); *Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007). The Court further finds that the potential waivers or exceptions available under *Bivens*, the Federal Torts Claim Act, or the Freedom of Information Act do not apply here.

#### a. Bivens

In *Bivens*, the United States Supreme Court recognized a cause of action to recover money damages against federal officials who, while acting under color of their authority, violate an individual's Fourth Amendment rights to be free from unreasonable search and seizures. *Bivens*, 403 U.S. at 399. Here, Mr. Scott brings suit against Homeland Security and seeks $20,000,000 in

damages. (ECF No. 23 at 4). However, a *Bivens* cause of action is not available against Homeland Security as a federal agency. *Meyer*, 510 U.S. at 485. The proper defendant in a *Bivens* action is the individual official who was personally involved in the violation of the plaintiff's rights. *Robertson*, 753 F.3d at 618. Therefore, *Bivens* is unavailable to Mr. Scott as a waiver of Homeland Security's sovereign immunity.

                b. *Federal Torts Claim Act*

The Federal Torts Claim Act (FTCA) provides a waiver of sovereign immunity for claims against the United States in which a federal employee has committed a state law tort within the scope of their employment. 28 U.S.C. § 1346(b); *Meyer*, 510 U.S. at 477-78. A constitutional tort claim is not cognizable under FTCA. *Id.* at 477. In the present case, Mr. Scott asserts a constitutional tort claim against the defendant for violating his Fourth Amendment rights through the unlawful search of his property (ECF No. 23 at 3). Because he asserts a constitutional tort claim, the FTCA is unavailable to Mr. Scott as a waiver of Homeland Security's sovereign immunity. *Meyer*, 510 U.S. at 478 ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims.").

                c. *Freedom of Information Act*

The Freedom of Information Act (FOIA) provides a limited waiver of sovereign immunity that gives district courts jurisdiction to order the production of improperly withheld agency documents. 5 U.S.C. § 552(a)(4)(B). In order to bring a claim under FOIA, the plaintiff must have first made a records request to the federal agency and the agency must have denied the request. 5 U.S.C. § 552(a)(3); *McKevitt v. Mueller*, 689 F. Supp. 2d 661, 667 S.D.N.Y 2010). Here, Mr. Scott alleges only that he needs "to see" an unredacted "record of homeland security spending." (ECF No. 23 at 3, ¶ 4). There is no allegation that he made a records request to the

6

defendant, nor any allegation that Homeland Security denied a request. Because Mr. Scott does not allege that he made a request that was denied by Homeland Security, the Court lacks jurisdiction over his FOIA claim. *Reisman v. Bullard*, 14 Fed. App'x. 377, 379 (6th Cir. 2001); *McKevitt*, 689 F. Supp. 2d at 667.

In sum, Mr. Scott fails to invoke an identifiable waiver of Homeland Security's sovereign immunity; therefore, this Court lacks subject matter jurisdiction over his claims.

### IV.    Conclusion

For the foregoing reasons, Homeland Security's motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure is **GRANTED**. Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

                              *s/ James L. Graham*
                              JAMES L. GRAHAM
                              United States District Judge

DATE: August 17, 2023